IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 09-mj-1171

UNITED STATES OF AMERICA,
    Plaintiff,

v.

1.    CARGILL MEAT SOLUTIONS CORPORATION,
    Defendant.

---

## PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

---

The United States of America, by John M. Haried, Assistant United States Attorney for the District of Colorado, and the defendant, Cargill Meat Solutions Corporation, personally and by counsel, Robert Miller and Jeffrey Hunter, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

### I. PLEA AGREEMENT

Cargill Meat Solutions Corporation agrees to plead guilty to Counts 1 and 2 of the information charging violations of the Clean Water Act, 33 United States Code, Section §1319(c)(1)(A). Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties agree the court will sentence the defendant as follows:

(1)    the defendant will pay a fine of $100,000 per count ($200,000 total) immediately upon sentencing;

(2)    the defendant will pay a special assessment of $125 per count ($250

(Rev. 03/28/01)

total) immediately upon sentencing;

(3) There is no restitution, so the court would not order restitution.

Finally, the government agrees not to bring additional criminal charges against Cargill Meat Solutions Corporation and Cargill, Inc. or their employees for violations of the Clean Water Act, the Clean Air Act, or the False Statements Act, or violations reasonably related to those stated, at its Fort Morgan facility which the government was aware of, or reasonably should have been aware of, as a result of its investigation of Cargill Meat Solutions Corporation's Fort Morgan facility, as of the date of the guilty plea in this case.

## II. STATUTORY PENALTIES

The maximum statutory penalty for each count of violating the Clean Water Act, 33 United States Code, Section 1319(c)(1)(A), is: not more than a $200,000 fine;[1] not more than 5 years probation;[2] a $125 special assessment fee;[3] plus restitution.

## III. ELEMENTS OF THE OFFENSE

The essential elements of the charged violations of the Clean Water Act, 33 U.S.C. §1319(c)(1)(A), are that Cargill Meat Solutions Corporation:

1. discharged

2. pollutants, namely suspended solids and fecal coliform,

---

[1] 18 U.S.C. §3571(c)(5).

[2] 18 U.S.C. §3561(c)(2).

[3] 18 U.S.C. §3013(a)(1)(B)(iii).

3. from a point source, namely a pipe, from which the pollutants entered the South Platte River, a navigable water of the United States,

4. in violation of Cargill Meat Solutions Corporation's permit issued by the Colorado Department of Public Health and Environment pursuant to 33 U.S.C. §1342, and

5. that it acted negligently, that is, it failed to exercise the degree of care that someone of ordinary prudence would have exercised in the same circumstance.[4]

### IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to §1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§1B1.3) or to

---

[4]*U.S. v. Ortiz*, 427 F.3d 1278, 1283 (10th Cir. 2005).

(Rev. 03/28/01) 3

sentencing in general (§1B1.4). In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the presentence investigation, and any other relevant information." (§6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense (§1B1.3) began is about August 2003.

The parties agree that the government's evidence would be:

Cargill Meat Solutions Corporation is a wholly owned subsidiary of Cargill, Inc., which is privately owned. In 2003, Cargill Meat Solutions had approximately 32,000 employees working at 47 facilities. In 2003, Cargill, Inc., had approximately 98,000 employees working at 1,045 facilities. In 2004, Cargill Inc. had net earnings of $1.3 billion on gross revenues of $62.9 billion, and a net worth of $10.5 billion.

Cargill Meat Solutions Corporation operates a meat packing plant in Fort Morgan, Colorado. The plant processes about 5,000 head of cattle and generates about 1,500,000 gallons of waste water each working day. Cargill Meat Solutions Corporation operates a waste water treatment plant on site to remove feces, dirt, meat scrap, and other pollutants from its discharge to the South Platte River. The waste water treatment plant includes covered anaerobic lagoons, from which Cargill Meat Solutions Corporation collects bio-gas (a by-product of the treatment process), which it uses to fuel boilers to heat water used in the plant.

Cargill Meat Solutions Corporation applied for and received a National Pollution Discharge Elimination System permit from the State of Colorado to discharge treated waste water to the South Platte River, which is a navigable water of the United States. Cargill Meat Solutions Corporation's permit limited its discharge of total suspended solids (TSS) to a maximum of 2,874 pounds per day. The permit's limit for discharge of fecal coliform was 400 colonies per 100 milliliters. Cargill Meat Solutions Corporation employed waste water treatment operators to monitor and manage the waste water plant, and it maintained a laboratory and staff at the plant to routinely sample, analyze, and monitor its waste water discharge.

The specific facts relevant to the two offenses of conviction are these:

On August 27, 2003, Cargill Meat Solutions Corporation sampled its discharge and measured fecal coliforms at 522 colonies per 100 milliliters, a violation of its permit. That violation was the result of the waste water operator's negligent failure to monitor the system's operation and discharge. Cargill Meat Solutions Corporation conducted an investigation of the event and took steps to resolve the suspected cause of the fecal coliform permit violation independent of the government's investigation and this plea agreement.

On July 16, 2004, Cargill Meat Solutions Corporation sampled its discharge and measured total suspended solids at 4,332 pounds for the day, a violation of its permit. That violation was the result of the waste water operator's negligent failure to monitor a system warning indicator that provided notice of an error in a

decant cycle which caused waste solids to be discharged. Cargill Meat Solutions Corporation conducted an investigation of the event and took steps to resolve the suspected cause of the TSS permit violation independent of the government's investigation and this plea agreement.

**Other relevant conduct:** The government and Cargill Meat Solutions Corporation have investigated other instances of possible or alleged misconduct and discharges which violated the permit limits. In some instances the parties agree that the conduct was not criminal, and in other instances the parties are not in agreement. The two offenses to which Cargill Meat Solutions Corporation will plead guilty are the product of an informed compromise between the parties to obtain a settlement, without further litigation, of all alleged violations of the Clean Water Act, the Clean Air Act, or the False Statements Act, or reasonably related to those stated, known to the government, or which the government reasonably should have been aware of, as a result of its investigation of Cargill Meat Solutions Corporation's Fort Morgan facility.

**Post-offense actions by Cargill Meat Solutions Corporation to address misconduct:** Cargill Meat Solutions Corporation has implemented specific post-offense actions to minimize the reoccurrence of a fecal coliform violation. The actions include: (I) enhanced training of the managers and employees at the waste water treatment plant (WWTP) and at the laboratory; (ii) consolidation of the waste water laboratory with the main laboratory facility complex; and (iii) modification of the WWTP operations to increase the free

residual chlorine concentrations in the contact chambers prior to discharge.

Cargill Meat Solutions Corporation has also implemented specific post-offense actions to minimize the reoccurrence of a TSS violation. The actions include: (I) enhanced training of WWTP managers and employees; (ii) modifications of the chlorine contact chamber to allow all waste water to be immediately re-routed to the head of the WWTP; (iii) modifications of the sequence batch reactors to preclude any reoccurrence of the event causing the TSS exceedance; (iv) addition of an audible alarm system; and (v) implementation of an ISO 14001 certified Environmental Management System ("EMS") program at the WWTP.

**Cargill Meat Solutions Corporation's cooperation:** Since the EPA executed a search warrant in May 2005, Cargill Meat Solutions Corporation has been cooperative in the government's investigation by providing requested documents, conducting a tour of the plant, and meeting informally with government investigators.

## V. SENTENCING COMPUTATION

The parties stipulate that sentencing in this case will be determined by application of the sentencing guidelines, issued pursuant to 28 U.S.C. § 994(a), and by 18 U.S.C. §3553(a) and §3572. Pursuant to USSG §8C2.1, Commentary, the sentencing guidelines do not prescribe a fine range for environmental crimes committed by organizations.

The Court is free, pursuant to §§6A1.3 and 6B1.4, to reach its own findings

of facts and sentencing factors considering the parties' stipulations, the presentence report, and any other relevant information. (§6B1.4 Comm.; §1B1.4.) However, because the plea agreement is made pursuant to Fed.R.Crim.P. 11(c)(1)(C), the Court will either accept the plea agreement, or reject it and direct the parties to start over.

**Calculating the fine:** Two methods determine sentencing of the Clean Water Act convictions: First, the fine amount is not determined by the sentencing guidelines because United States Sentencing Commission has not promulgated fine guidelines for environmental offenses committed by organizations. *See* § 8C2.1, Commentary. Instead, the fine amount is determined by application of 18 U.S.C. 3553 and 3572 in conjunction with other provisions of the sentencing guidelines. *See* § 8C2.10. Second, the sentencing guidelines do apply to other aspects of the sentence, such as restitution, remedial orders, community service, and notice to victims. *See* §§ 8A1.2 through 8B1.4.

    **1.**    **Statutory sentencing factors:** The statutory factors specified at 18 U.S.C. 3572, include:

    a.    The defendant's income, earning capacity, and financial resources;
    b.    the burden the fine will impose on the defendant;
    c.    any pecuniary loss inflicted upon others as a result of the offense;
    d.    whether restitution is ordered and the amount of restitution;
    e.    the need to deprive the defendant of illegally obtained gains from the offense;
    f.    the expected cost to the government of the probation component of the sentence;
    g.    whether the defendant can pass on to consumers or other persons the expense of the fine; and

   h. if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

The statutory sentencing factors specified at 18 U.S.C. 3553 include:

   i. the nature and circumstances of the offense;
   j. the history and characteristics of the defendant;
   k. the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   l. the need to deter the defendant and others from criminal conduct;
   m. the need to protect the public from the defendant;
   n. the need to provide the defendant correctional treatment to prevent recidivism; and
   o. the need to provide restitution to victims of the offense.

  **2.** **Facts considered in arriving at the stipulated fine:** The parties considered the statutory factors in arriving at the stipulated fine, including:

   a. Cargill Meat Solutions Corporation is financially capable of paying the fine.

   b. The fine will not impose an undue burden upon Cargill Meat Solutions Corporation.

   c. The offenses of conviction did not impose a pecuniary loss on any individual.

   d. There is no restitution to be made.

   e. The fine will deprive Cargill Meat Solutions Corporation of any gains it realized by the misconduct.

   f. Because the stipulated sentence does not include probation (in deference to the compliance agreement between Cargill Meat Solutions Corporation and EPA) there will be no costs for probation supervision.

   g. Because Cargill Meat Solutions Corporation is a private

        corporation, the amount of the fine will be borne by shareholders.

h(1). Cargill Meat Solutions Corporation is a large, multi-national organization. At the time of the criminal conduct, Cargill Meat Solutions Corporation had approximately 32,000 employees.

h(2). Cargill Meat Solutions Corporation's action to discipline employees involved in the criminal conduct was to reassign the environmental manager and the environmental supervisor to positions outside the waste water treatment plant.

h(3). To prevent a recurrence of criminal conduct, Cargill Meat Solutions Corporation developed and implemented enhanced training programs for its managers and operators at the waste water treatment plant and at the laboratory; (ii) trained and promoted the use of an anonymous "hotline" to encourage reporting of environmental problems at the facility without fear of retribution; and (iii) implemented an ISO 14001 certified Environmental Management System program at the waste water treatment plant which includes periodic auditing of environmental compliance procedures.

i. The misconduct charged in the information was episodic. The charged misconduct is not known to have caused any identifiable, discrete injury.

j. For the approximately 5 years prior to entry of this plea agreement, the record of Cargill Meat Solutions' criminal convictions and civil and administrative penalties exceeding $1,000 is attached as Addendum A.

    For the approximately 5 years prior to the entry of this plea agreement, the record of Cargill, Inc.'s criminal convictions and civil and administrative penalties exceeding $1,000 arising from environmental enforcement in the United States is attached as Addendum B.

k & l. The $200,000 fine and the compliance agreement with EPA should deter Cargill Meat Solutions Corporation and other corporations from violating the Clean Water Act.

m. Cargill Meat Solutions Corporation will enter into a compliance agreement with EPA's suspension/debarment office that

        imposes additional measures designed to protect the public from further misconduct. Any further violations of law will subject Cargill Meat Solutions Corporation to possible sanctions, including debarment from federal contracts. Because Cargill Meat Solutions Corporation does substantial business with federal entities, the possibility of debarment will provide substantial deterrence.

n.     As described above in h(3) above, Cargill Meat Solutions Corporation has already undertaken substantial steps to prevent the recurrence of criminal conduct.

o.     There is no restitution owed any individual or organization. Prior to entry of its pleas, Cargill Meat Solutions Corporation voluntarily made a charitable contribution of $200,000 to Audubon Society to be used on its South Platte wet lands project. Cargill Meat Solutions Corporation selected Audubon, on its own without the direction of the United States.

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 11/4/08

_____
Bill Rupp, President, Cargill Meat Solutions Corp.
Defendant

Date: 11/4/08

_____
Robert N. Miller
Attorney for Defendant

Date: 10/28/08

_____
John Haried
Assistant U.S. Attorney

## Environmental Enforcement
## Cargill, Inc.[1]

| Notice Date | Location | Regulatory Agency | Penalty |
|---|---|---|---|
| *Criminal* | | | |
| 2/7/2002 | Martinsburg, MO | Federal | $1,000,000 |
| *Civil/Administrative* | | | |
| 11/8/2007 | Newark, CA | Local | $228,000 |
| 9/10/2007 | High Plains FSG | Local | $25,000 |
| 5/25/2007 | Hammond, IN | Local | $13,960 |
| 3/16/2007 | Cedar Rapids, IA | Local | $2,650 |
| 3/13/2007 | Iowa Falls, IA | State | $100,000 |
| 8/31/2006 | Convent, LA (K2) | State | $2,000 |
| 6/30/2006 | Dayton, OH | Local | $1,000 |
| 5/24/2006 | Newark, CA | State | $71,000 |
| 5/2/2006 | Dayton, OH | Local | $1,000 |
| 6/22/2005 | Convent, LA (K2) | State | $2,000 |
| 1/13/2005 | Blair, NE | Federal | $10,000 |
| 8/00/2004 | Blair, NE | Federal | $15,000 |
| 5/2/2002 | Industry-Wide[2] | Federal | $5,100,000[3] |
| Unknown | Indianapolis, IN | Local | $5,500 |

---

[1] This table presents a list of criminal and civil penalties of $1,000 and greater for environmental enforcement in the United States against Cargill Inc. and its predecessors. See additional table for the list of criminal and civil environmental enforcement against Cargill Meat Solutions Corp. This table contains information from a corporate environmental database that compiles information provided by the more than 700 individual Cargill, Inc. facilities from approximately 2004 to the present. Cargill Inc. is unable to make representations as to the completeness or accuracy of the information contained herein.

[2] Industry-wide settlement covering 24 Cargill, Inc. facilities.

[3] Penalty amount of $1,600,000, plus $500,000 in community donations and $3,000,000 in facility pollution reduction improvements.

58369-0001/LEGAL14688864.7

1

## Environmental Enforcement
## Cargill Meat Solutions Corp.[1]

| Notice Date | Location | Regulatory Agency | Penalty |
|---|---|---|---|
| *Criminal* | | | |
| None | | | |
| *Civil/Administrative* | | | |
| 1/17/2008 | Wyalusing, PA | State | $2,875 |
| 7/20/2007 | Springdale, AR | Federal | $1,080 |
| 3/28/2007 | Dodge City, KS | State | $209,000 |
| 6/6/2006 | Fort Morgan, CO | State | $3,850 |
| 3/31/2006 | Wyalusing, PA | State | $2,100 |
| 6/6/2005 | Beardstown, IL | Federal | $2,000 |
| 4/11/2005 | Springdale, AR | Federal | $1,000 |
| 11/18/2004 | Springdale, AR | Federal | $5,000 |
| 1/2/2004 | Fort Morgan, CO | State | $3,000 |

---

[1] This table presents a list of criminal and civil penalties of $1,000 and greater for environmental enforcement in the United States against Cargill Meat Solutions Corp. and its predecessors. See additional table for the list of criminal and civil environmental enforcement against Cargill, Inc. This table represents information from a corporate environmental database that compiles information provided by the more than 47 individual Cargill Meat Solution Corp. facilities from approximately 2004 to the present. Cargill Meat Solutions Corp. is unable to make representations as to the completeness or accuracy of the information contained herein.

58369-0001/LEGAL14688077.8